**Donald BINDER, Plaintiff,**

v.

**LONG ISLAND LIGHTING COMPANY, Defendant.**

No. 88–CV–1315.

United States District Court, E.D. New York.

April 20, 1994.

**38**

Lawrence C. Downes, Gilroy, Downes, Horowitz & Goldstein, New York City, for plaintiff.

Robert J. Grey, Gen. Counsel by Mindy S. Novick, Long Island Lighting Co., Hicksville, NY, for defendant.

### MEMORANDUM OF DECISION AND ORDER

MISHLER, District Judge.

Plaintiff Donald Binder moves this court for judgment on liability or in the alternative a new trial. For the reasons set forth below, the motion is denied in its entirety.

The background of this case is fully set forth in this court's Memorandum of Decision and Order dated March 29, 1994, 847 F.Supp. 1007, familiarity with which is assumed. Binder's sole argument in support of his motion is that the court erred in submitting a special interrogatory to the jury after it returned with a general verdict in Binder's favor. Pl.Mem.3.[1]

Binder argues that, during the extensive charging conference before the court's charge to the jury, the court showed both sides only a general verdict: "Was Plaintiff Donald Binder's age a determining factor in the Defendant Long Island Lighting Company's decision to fire him? Yes No [circle one]". Pl.Mem.2–3; T.478–79.[2] Had he known that the court would submit to the jury a special interrogatory requiring it to identify specific positions Binder was denied because of his age, his counsel claims that he would have altered radically his summation.[3] "[T]he Court required plaintiff to meet different legal and factual issues than those requested by the parties . . . and then charged to the jury. . . . The net effect of the procedure employed was to sandbag the plaintiff, deprive plaintiff of a fair opportunity to marshall the facts and evidence in summation. . . ." Pl.Mem.3.

Binder's contention is without merit. First of all, the court specifically told the parties during the charging conference, "I am going to give them [the jury] a special verdict." T.361.

 Even if this was not sufficient to alert the parties to the fact that the court was going to submit a special interrogatory or to its form, that omission was not prejudicial in any way. Binder was on notice from the beginning that the specific positions he claimed he was denied were at issue.

Before jury selection, the court discussed with the parties their theories of the case so that the court could give the jury panel some background. During that discussion, the following took place between the court and counsel for Binder:

> THE COURT: Don't you identify the positions available and they refused to give him?
>
> MR. DOWNES: Yes, we will do that.
>
> THE COURT: You can't say in general there are positions in the company and refuse to identify them.

1. "Pl.Mem.___" refers to the Plaintiff's Memorandum of Law in Support of Motion for a Judgment or for a New Trial.

2. "T.___" refers to the trial transcript.

3. The interrogatory read as follows: "Supplemental Verdict Sheet. In finding that Donald Binder's age was a determining factor in LILCO's decision to fire him, we find that he was denied employment in violation of ADEA for the following positions at LILCO:". This was followed by five numbered blank lines, along with a request to state whether the jury was unable to agree unanimously on an answer. Ct.Ex.7.

MR. DOWNES: We will identify lots of positions, your Honor.

. . . . .

THE COURT: I don't want to make any preliminary rulings, but I can't permit the plaintiff to just say there are other positions and they could have given it to me. I think he has to indicate and show to the jury the positions that were available and not given to him, and not given to him because of age.

MR. DOWNES: We will identify the positions.

T.8–9.

Throughout his case-in-chief, Binder introduced evidence of specific positions in LILCO that were available and filled with employees younger than Binder. T.101–37. In colloquies with the court, Binder's attorneys indicated that they were well aware that the question of the specific positions Binder claimed he was denied because of his age would be before the jury. "MR. DOWNES: *If the jury finds that the only positions and salaries that he did not obtain was because of discrimination,* were lower amounts, I would agree with that, your Honor." T.236 (emphasis added).

Furthermore, Binder's attorneys did not object to the following language of the charge (discussed during the charging conference, at T.357–63 and T.393):

... plaintiff must demonstrate either that he was actually considered and rejected by LILCO *for positions which he claims he should have received,* or that LILCO refused to consider him *for the position* because of his age. It is not sufficient for a plaintiff simply to point to a job and claim that he was as qualified or more qualified to hold that job than the person who got the job.... [W]hen employees, as employees of LILCO compete for a job that is available, there can be only one winner for that job.... And *the fact that Mr. Binder was qualified for a job that he did not get does not in and of itself prove that he didn't get the job because of his age* .... You are further instructed that you cannot return a verdict in favor of plaintiff simply because you believe he should have been

considered for a particular position. LILCO had no obligation to adopt a procedure which would require it to consider all available employees for each job, and *in order to prevail the plaintiff must prove that he was actually considered for and was denied a job because of his age or that LILCO knowingly refused to consider him for a job because of his age.*

T.460–61 (emphasis supplied). Plaintiff did not object to this charge, T.478–79, and was on notice that it was to be given. It is clear that the specific positions Binder claimed he was denied were at issue.

Since Binder was required to prove that he was denied specific positions or the opportunity to compete for them, the jury logically had to find the specific positions he was denied, or for which he was denied the opportunity to compete. Furthermore, "[t]he decision not to supply counsel with the special interrogatories before summation rest[s] within the district court's broad discretion." *Cutlass Prods., Inc. v. Bregman,* 682 F.2d 323, 330 (2d Cir.1982).

■ Binder relies on cases construing Fed.R.Civ.P. 49(a) to challenge the court's use of a special interrogatory. The interrogatory is more properly analyzed under Rule 49(b):

The distinction between the two provisions is that under Rule 49(a) the jury answers primarily factual questions for the benefit of the trial court which then applies the law to those answers. Under Rule 49(b), the jury after being fully instructed answers the interrogatories, renders a general verdict and the trial court enters judgment on the jury's verdict.

*Lavoie v. Pacific Press & Shear Co.,* 975 F.2d 48, 53 (2d Cir.1992). Even an analysis under Rule 49(a), however, defeats Binder's claim.

Rule 49(a) of the Federal Rules of Civil Procedure provides that

the court may submit to the jury written questions susceptible of categorical or other brief answers or may submit written forms of the several special findings which might properly be made under the pleadings and evidence....

The special interrogatories must *"clearly present the material fact issues raised by the pleadings and evidence."* *Cutlass Prods.,* 682 F.2d at 327 (emphasis in original; footnote omitted). In addition, "[t]he court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue." Fed.R.Civ.P. 49(a). "[S]pecial interrogatories must be read 'in conjunction with the district court's charge.'" *Romano v. Howarth,* 998 F.2d 101, 104 (2d Cir.1993) (quoting *Cutlass Prods.*). As indicated above, the charge of the court included specific instructions as to what proof plaintiff needed to show in order to prove his case.

Under Rule 49(b), the propriety of the special interrogatory used in this case is further buttressed. Rule 49(b) states in pertinent part:

> The court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict. The court shall give such explanation or instruction as may be necessary to enable the jury both to make answers to the interrogatories and to render a general verdict.... When the answers [to the interrogatories] are consistent with each other but one or more is inconsistent with the general verdict, judgment may be entered pursuant to Rule 58 in accordance with the answers, notwithstanding the general verdict....

Once again, the court charged the jury as to the specific proof Binder needed to support his claim. When the general verdict came back in Binder's favor, the court exercised its discretion to test it by the use of the interrogatory. *See Brown v. Tennessee Gas Pipeline Co.,* 623 F.2d 450, 455 (6th Cir.1980) ("Special interrogatories are used to test the jury's verdict. This purpose would be defeated if counsel was permitted to argue to the jury on what the answer to the interrogatory should be."); *cf. Gallick v. Baltimore*

*and Ohio R.R. Co.,* 372 U.S. 108, 124–25, 83 S.Ct. 659, 669, 9 L.Ed.2d 618 (1963) (Stewart and Goldberg, JJ., dissenting) (explaining Rule 49(b)).

The use of such an interrogatory is amply supported by case law in this Circuit. *See, e.g., Abou–Khadra v. Mahshie,* 4 F.3d 1071 (2d Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1835, 128 L.Ed.2d 463 (1994); *Lavoie, supra; Schaafsma v. Morin Vermont Corp.,* 802 F.2d 629 (2d Cir.1986). In this case, the court was expecting a Rule 50 motion if, as turned out to be the case, the jury returned with a verdict for Binder. T.341, 504. Also, as fully discussed in this court's March 29, 1989 Memorandum of Decision and Order, the court believed that the general verdict was without an evidentiary basis in the record. Clarification was necessary to show how the jury reached its conclusion.[4] The fact that the answer to the interrogatory "impeach[ed] the jury's verdict", Pl.Mem.5, highlights its appropriateness: it showed in stark relief that the jury had relied on factors other than the evidence in arriving at its general verdict. *Cf. Brown,* 623 F.2d at 455 (interrogatory showed that jury resolved factual issue presented in it in accord with evidence).

Accordingly, Binder's motion for judgment on liability or for a new trial is DENIED, and it is

SO ORDERED.

---

**4.** The jury's difficulty with the special interrogatory clearly demonstrates the impermissible basis for its general verdict. T.490–503.